UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS T. EDWARDS; and MOBILE,
WORLD VIEW TECHNOLOGIES,
INNOVATIONS, COMMUNICATIONS,
INC.,

    Plaintiff,

v.

CASE NO. _____

HARSHAW RESEARCH, INC.; and
APPLE COMPUTER, INC.,

    Defendants.
_____/

**NOTICE OF REMOVAL**

    Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, Defendant, Apple Inc. ("Apple"),[1] hereby removes the state court action entitled *Douglas T. Edwards v. Harshaw Research, Inc. and Apple Computer, Inc.,* Case No. 14-02458 CA 20, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida.  Co-Defendant, Harshaw Research, Inc. ("Harshaw"), consents to the removal of the State Court Action.

**I.  JURISDICTIONAL BASIS FOR REMOVAL**

    1.    This Court has original jurisdiction of the action under the provisions of 28 U.S.C. §1332(a), and the action may be removed to this Court by Apple pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

---

[1] Plaintiff misidentified the Defendant as "Apple Computer, Inc." in the Complaint.  The correct name of the Defendant is "Apple Inc."

2. Plaintiff, Douglas T. Edwards ("Edwards"), is a resident of the State of Florida and Plaintiff, Mobile World View Technologies, Innovations, Communications, Inc., is an administratively-dissolved Florida corporation with its principal place of business listed as Miami-Dade County, Florida.  Apple is incorporated in California and has its principal place of business in California, and co-Defendant Harshaw is incorporated in Kansas and has its principal place of business located in Kansas.  Therefore, diversity of citizenship exists between the parties.

3. The Complaint seeks damages in excess of $4,000,000 against Harshaw, and seeks damages in excess of $400,000,000 against Apple, so the amount in controversy requirement is met.

## II.  PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Plaintiff filed the State Court Action on January 29, 2014.  While Apple's registered agent in the State of Florida was never formally served with the Summons and Complaint, Apple filed a Notice of Waiver of Service of Process and Acceptance of Summons and Complaint in the State Court Action on May 29, 2014, after receiving a copy of the Complaint in the mail from Edwards.

5. All pleadings and papers that have been filed and served in the State Court Action are attached to this Notice, to wit:

    (i)    Complaint (filed Jan. 29, 2014) (**EXHIBIT 1**);

    (ii)    Exhibits to the Complaint (filed separately on Feb. 11, 2014) (**EXHIBIT 2**);

    (iii)    Notice of Commencement of Action (**EXHIBIT 3**);

    (iv)    Plaintiff's Designation of Pleading and Proof of Service by Plaintiff on Defendant Apple Computer, Inc. (filed on May 19, 2014) (**EXHIBIT 4**);

    (v)    Notice of Appearance for Defendant Apple Inc. (filed on May 29, 2014) (**EXHIBIT 5**); and

    (vi)    Defendant Apple Inc.'s Waiver of Service of Process and Notice of Acceptance of the Summons and Complaint (filed on May 29, 2014) (**EXHIBIT 6**).

6. This Notice of Removal is timely filed within the period prescribed by 28 U.S.C. §1446(b) in that it is filed within thirty (30) days after receipt by Apple of the Complaint. No further proceedings have been held herein, nor have any other pleadings or papers been filed other than those attached hereto as Composite Exhibit "A".

7. Apple is filing written notice of this removal in the State Court Action pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff (by U.S. Mail) and Harshaw (by U.S. Mail and e-mail) pursuant to 28 U.S.C. § 1446(d).

8. Prior to filing this Notice of Removal, on May 29, 2014, Apple's counsel conferred with a representative of Harshaw, Dale J. Ream, Esq., who represented that Harshaw consents to the removal of the State Court Action.

### III.  CONCLUSION

WHEREFORE, Apple respectfully requests that the State Court Action be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted,

**s/Christopher W. Prusaski**
Frank A. Zacherl (FBN 868094)
Attorney Email: fzacherl@shutts.com
Christopher W. Prusaski (FBN 121525)
Attorney Email: cprusaski@shutts.com
**SHUTTS & BOWEN LLP**

3

        1500 Miami Center
        201 South Biscayne Boulevard
        Miami, Florida 33131
        Tel: 305.415.9453
        Fax: 305.415.9853

*Attorneys for Apple Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 1, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

[VIA U.S. MAIL]:

Douglas T. Edwards (#102348)
Santa Rosa C.I.
5850 E. Milton Road
Milton, FL 32583-7914

[VIA U.S. MAIL AND E-MAIL]:

Dale J. Ream, Esq.
Harshaw Research, Inc.
210 W. Tecumseh Street
Ottawa, KS 66067
Tel.: (785) 242-9500
Email: dream@reamlawfirm.com

James R. Jarrow, Esq.
Baker Sterchi Cowden & Rice LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
Tel.: (816) 471-2121
Fax: (816) 472-0288
Email: jarrow@bscr-law.com

        **s/ Christopher W. Prusaski**