IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MOBILE WORLD VIEW TECHNOLOGIES,
INNOVATIONS, COMMUNICATIONS, et al., in
it's individual & official capacities; DOUGLAS Y.
EDWARDS, individually & in his official capacity as
owner, officer, shareholder, stockholder & Board chairman
of MOBILE WORLD VIEW TECHNOLOGIES, INNOVATIONS,
COMMUNICATIONS, INC., et al.,
    Plaintiffs.
-VS-
HARSHAW RESEARCH, INC., sued in it's individual &
official capacities; APPLE COMPUTER, INC., sued in it's
individual & official capacities,
    Defendants.

CASE NO.: 14-02458CA01
CIVIL DIVISION

COMPLAINT AND DEMAND FOR
JURY TRIAL

THE ORIGINAL FILED
ON JAN 29 2014
IN THE OFFICE OF
CIRCUIT COURT MIAMI-DADE CO
CIVIL DIVISION

Plaintiff, DOUGLAS Y. EDWARDS, hereby files this complaint against the Defendants HARSHAW RESEARCH, INC.; & APPLE COMPUTER, INC., ("DEFENDANT'S"), & alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages within the jurisdiction of this Court, which exceeds $15,000.00, exclusive of interest, Court costs & attorney fees.

2. Plaintiff resides at: Florida State Prison, 7819 N.W. 228th St., Raiford, Florida 32026.

3. Defendant HARSHAW RESEARCH, INC., resides at: 210 Tecumseh St., Ottawa, Kansas 66067.

4. Defendant APPLE COMPUTER, INC., resides at: One Infinite Loop, Cupertino, California 95014.

5. Plaintiff resides in Miami-Dade County, Florida & is otherwise sui juris.

6. Venue is proper in Miami-Dade County, Florida pursuant to Florida Statutes S. 47.0111, because Plaintiff signed the contract with Defendant WARSHAW RESEARCH, INC., in Miami-Dade County, Florida.

7. Defendants are liable for Plaintiff's costs, court costs & S. 772.11, Fla. Stat., & because there is a complete absence of any justifiable issue of fact or law in dispute.

8. All conditions precedent to the institution of the present action have occurred, been waived, performed and/or excused.

## Allegations Common To All Counts

9. On July 8, 2008, the prestigous law firm of Spiegel & Utrera, P.A. was hired by DOUGLAS T. EDWARDS & SYNERIA K. CAZEAU to form & legally file Articles of Incorporation for Mobile World View Technologies, Innovations, Communications, Inc. The technology company was formed & filed in Miami-Dade County, Florida on July 8, 2008 at 10:07 A.M. Spiegel & Utrera, P.A. was hired as General Counsel & the registered agent of the Technology Company. Excerpts of the Articles of Incorporation, marked as Exhibit A, is attached & made a part of this pleading.

10. On July 8, 2008, plaintiffs & Syneria K. Cazeau entered into a contract for professional services, & signed a confidentiality agreement with Defendant Warshaw Research, Inc. Plaintiffs employed defendant in defendant's professional capacity. Defendant is a Invention Research Company, licensed to practice professional evaluation, of new inventions, product development & filing patent applications for new inventions. A copy of the New Product Evaluation Registration document #82227, & the Confidentiality Agreement, marked as Exhibits B & C, is attached & made a part of this pleading.

11. On July 18, 2008, Plaintiffs disclosed confidential technology information to Defendant Harshaw, as well as, Trade Secrets from the Vault of Mobile Worldview Technologies, Inc. The Confidential Technology & Trade Secrets, marked as Exhibit D, is attached & made a part of this pleading.

12. On July 24, 2008, Defendant Harshaw notified Plaintiffs & informed Plaintiffs that the highly secretive SuPA Cell & N. Touch Technology was proposed for further development. The Correspondence of Defendant Harshaw & the S.E.L.L. System Preliminary Analysis, marked as Exhibits E & F, is attached & made a part of this pleading.

13. On July 26, 2008, Plaintiffs employed Richard "Ricky" Edwards to meet with Defendant Harshaw as an Agent of Plaintiffs & on behalf of plaintiffs & Syneria K. Cazeau & make a $9,999.00 cash payment for Defendant's Harshaw's Services, on or about 10 A.m.

14. On July 26, 2008, as an Agent & on behalf of plaintiffs & Syneria Cazeau Richard Edwards made another cash payment of $9,999.00.

15. On July 28, 2008, as an Agent & on behalf of Plaintiffs & Syneria Cazeau, Richard Edwards made 3 seperate cash payments of $9,990.00 at 3 seperate times throughout that day.

16. On July 29, 2008, as an Agent & on behalf of Plaintiffs & Syneria Cazeau, Richard Edwards made 3 seperate cash payments of $9,999.00 at 3 Seperate times throughout that day

17. On July 30, 2008, as an Agent & on behalf of Plaintiffs & Syneria Cazeau, Richard Edwards made 2 Seperate final cash payments of $9,900.00 at 2 Seperate times throughout that day.

18. These payments were to cover product development by Defendant Harshaw for the New Products: SuPA cell (cellphone); N. Touch wiFi hot spot & digital phone/cellphone, Service device; Purse Store; Stenor Star; Star View; Power cam, the inventions of plaintiffs & Syneria Cazeau.

19. On July 31, 2008, Defendant Harshaw provided Plaintiffs & Synecia Cazeau with a Complete S.F.L.L. System Preliminary Analysis for SUPA CELL & N-TOUCH, marked, as Exhibit G, is attached & made a part of this pleading.

20. Defendant Harshaw was informed by plaintiff Edwards that he was, in all probability, being Relocated Back to a Florida state prison facility. From that point after, December 31, 2008, Defendant became silent & plaintiffs were unable to regain contact with Defendant.

21. Plaintiff Edwards mistakingly received an Email from Defendant Harshaw designated to Defendant Apple Computer, Inc. The email had the attachments of Plaintiffs' SUPA CELL Technology & Trade Secret. The hand drawn picture of SUPA CELL was included in said attachments. At the time Plaintiff was unaware that Defendant, Harshaw was intentionally delaying the development of SUPA CELL by making a prototype/phototype & filing a patent application. The delay was due to the fact that Defendant Harshaw was selling Plaintiffs' Technology & Trade Secrets to Defendant Apple Computer, INC.

22. Defendant Harshaw's employment was terminated by plaintiffs on January 7, 2009, when Plaintiffs checked their email & discovered the offending email from Defendant Harshaw to Defendant Apple Computer. This occurrence relating to the assignment of duties undertaken by Defendant, Harshaw represents a breach of Contract, & breach of fiduciary relationship to plaintiffs & violates Defendants' professional standards, & written contract agreements. Several messages were given to Defendant by phone for termination of Contract by plaintiffs,.

23. Plaintiff sent several demand letters to plaintiff which were also written notices of termination of contract & Demand for Remittal of payment. These notices were were sent to Defendant Harshaw on August 25, 2009, & January 6, 2010, A copy

of the written notices of termination & demand for remittal of payment, marked as Exhibits H & I, is attached & made a part of this pleading.

24. Plaintiffs learned that Defendant Apple Computer had used it's unlawfully obtained Trade Secrets & Technology for SUPACELL. On August 4, 2010, Plaintiffs sent a Cease & desist letter to Defendant Apple Computer asking that it stop the use of Plaintiffs' video conferencing Technology on it's IPhone 4 Cellphone. A copy of the cease & desist letter, marked as Exhibit J, is attached & made a part of this pleading.

25. On March 24, 2011, Plaintiffs sent Defendant Apple Computer another cease & desist letter to stop using it's Trade secret & corporate Technology from SUPA-CELL. Defendant Apple Computer did not respond to the cease & desist letter & continued, it's usage of plaintiff's Trade secret & corporate Technology. A copy of the Cease & desist letter, marked as Exhibit K, is attached & made a part of this pleading.

26. As a Result of Defendant Harshaw's civil theft of Plaintiff's $99,900.00, Mobile Worldview Tech, Inc. was forced to dissolve corporately without operating, capital causing injury to plaintiff's interests, as well as, injury to the interests, of Plaintiff Douglas T. Edwards.

27. As a result of Defendant Harshaw's breach of duty to Plaintiffs, plaintiffs' interests have been injured.

28. As a result of Defendant Harshaw's breach of contractual duties & obligation, to maintain confidentiality, & misappropriation of plaintiff's & Ms. Cazeau's Trade Secret & Corporate Technology by improper means, plaintiffs continue to Suffer ongoing personal injury, the loss of corporate status (existence), & financial losses as trade secrets are lost forever.

29. Defendant Harshaw converted to Defendant's own use $99,900.00 that was the property of plaintiffs.

·5·

30. Defendant Harshaw received a benefit, as evidenced by the agreement, & has knowingly and/or voluntarily failed to remit the monies to Plaintiffs & has been benefited from receiving said monies.

31. There is a sum of $99,900.00 due altogether with interest from Defendant to Plaintiffs.

32. Defendant Harshaw would be unjustly enriched & Plaintiffs would be continually damaged if Defendant is not required to pay the sum due to Plaintiffs.

33. Defendant Apple Computer knowingly received Plaintiff's stolen Trade Secrets & SUPACELL cellphone Technology from Defendant Harshaw.

34. Defendant Apple Computer knowingly committed corporate espionage, when it conspired with Defendant Harshaw to obtain & use the Trade Secrets & Corporate Technology of Plaintiff's SUPACELL cellphone.

35. Defendants Apple Computer violated common law, & both Federal & state statutes regulating trade secrets when it knowingly received the stolen & misappropriated Trade Secrets & Technology belonging to Plaintiffs when Defendant, Harshaw breached its contractual obligation to maintain confidentiality of Plaintiff's Trade Secrets & Corporate Technology. The information was secret.

36. As a result of Defendant Apple Computer's obtaining the Trade Secret, & Corporate Technology for Plaintiff's SUPACELL cellphone, Defendant Apple Computer has caused Plaintiffs to suffer continual substantial injury, monetary loss & personal injury for the loss of the Technology & Trade secret now benefiting, Defendant Apple Computer.

37. As a result of Defendant Apple Computer's theft & conversion of Plaintiff's SUPACELL cellphone Trade Secrets & Corporate Technology, Plaintiff's interests have been injured & the injuries are in continuity.

WHEREFORE, Plaintiffs requests judgment against defendants as follows:

1. DECLARATORY JUDGMENT SAYING:

a. That Defendant Harshaw breached the written contract to perform professional services following payment by plaintiffs to develop & file patent applications, for each of Plaintiff's new product submission to it.

b. Defendant Harshaw is required to pay Plaintiff's sum of $99,900.00, plus treble damages in the amount of $30,000.00, together with prejudgment interest, post judgment interest, costs, Court costs, for loss of funds & corporate status.

c. That Defendant Harshaw violated Plaintiff's Rights under the terms of the Confidentiality agreement when it disclosed Plaintiff's Trade Secret of SUPACELL Cellphone Technology to Defendant Apple Computer.

d. That Defendant Apple Computer knowingly & willingly obtained Plaintiff's SUPACELL Cellphone Trade Secrets & Technology from Defendant Harshaw in violation of Defendant's Harshaw contractual obligation to maintain Confidentiality thereof.

e. That Defendant Apple Computer knowingly & willingly used the illegally disclosed & misappropriated Trade Secrets & Technology of Plaintiff's Trade secrets & Technology for SUPACELL cellphone when it developed, patented & sold, to the open market, plaintiff's video conferencing & Touchscreen Technology in it's Iphone 4 Cellphone.

2. ISSUE AN INJUNCTION ORDERING DEFENDANT APPLE COMPUTER, INC., or their AGENTS TO:

a. Immediately cease any use & further use of Plaintiffs' SUPACELL Trade Secret & Technology for Touch screens & video conferencing on it's cellphones.

-7-

3. AWARD ACTUAL, GENERAL & COMPENSATORY DAMAGES AS FOLLOWS:

a. $199,900.00 against Defendant Harshaw for breach of Contract, unpaid debt, negligence, professional negligence & civil theft in failing to perform the written contract for services & failing to remit payment of Plaintiff's $99,900.00, causing plaintiffs to go out of Business without funds.

b. $4 million in actual, general & compensatory damages against Defendant Harshaw for loss of Business, loss of Trade secret & Technology loss, Breach of the contractual obligation to maintain confidentiality, pain, suffering, personal injury, Emotional suffering, & emotional distress caused by the violation of the Economic Espionage Act & the Uniform Trade Secrets Act.

c. $400 million against Defendant Apple Computer, Inc., in actual, general & compensatory damages for knowingly & willingly obtaining Plaintiff's Trade secrets & Technology for Touch screen & video conferencing on cellphones when it knew the information was highly secretive & provided as a result of a Breach of Confidentiality contracts & misappropriated information in violation of the Economic Espionage Act & the Uniform Trade Secrets Act, causing the Plaintiffs loss of technology, loss of Trade secret, pain, suffering, emotional distress, personal injury which is substantial in its continuity & loss of Economic opportunity due to the loss of the SUPACELL Cellphone Technology & Trade Secrets.

4. AWARD PUNITIVE DAMAGES AS FOLLOWS:

a. $1 million in punitive damages against Defendant Harshaw for mental stress, personal injury, loss of business, loss of Economic opportunity, breach of Trust, breach of Contracts, breach of Fiduciary Trust, pain, suffering, civil theft, emotional distress, violating the Economic Espionage Act, & the Uniform Trade Secrets Act, & Corporate Espionage.

b. $100 million in punitive damages against Defendant Apple Computer for the

Theft of Plaintiffs' Trade Secrets & corporate Technology in violation of the Uniform Trade Secrets Act & the Economic Espionage Act, loss of Plaintiffs' technology & Trade Secrets; pain; personal injury, suffering, & emotional distress; loss of plaintiff's Economic opportunities from the unconstitutional use of Plaintiff's Touch screen & video conferencing Technology.

5. AWARD NOMINAL DAMAGES AS Follows:
a. $120,000.00 against Defendant Harshaw.
b. $500,000.00 against Defendant Apple Computer.
6. Plaintiffs demand a Jury Trial.
7. Grant such other relief as it may appear that plaintiffs are entitled to.

DATED: April 25, 2011.

Respectfully submitted,
/s/ Douglas T. Edwards #102348
DOUGLAS T. EDWARDS #102348
Florida State Prison
7819 N.W. 228th Street
Raiford, Florida 32026

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been furnished by First-Class U.S. postage-prepaid mail to: Clerk of Court, 73 West Flagler Street, Miami, Florida 33130; Synecia K. Cazeau, Records custodian of mobile worldview Tech., Inc., P.O. Box 530264, Miami, Florida 33153; by placing it in the hands of prison officials for mailing on this 25th day of April, 2011.

/s/ Douglas T. Edwards #102348
DOUGLAS T. EDWARDS #102348

# NOTARY CERTIFICATE

STATE OF FLORIDA
COUNTY OF ~~[redacted]~~ BRADFORD

Sworn to or affirmed and signed before me on 4/25/14 by Douglas Edwards

JAY E. CULPEPPER
MY COMMISSION # EE 000026
EXPIRES: June 13, 2014
Bonded Thru Budget Notary Services

NOTARY PUBLIC or DEPUTY CLERK

[Print, type, or stamp commissioned name of notary or deputy clerk.]

___ Personally known
_X_ Produced identification
___ Type of identification produced State ID (Ark)

IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____,
a nonlawyer, whose address is {street} _____, {city} _____,
{state} _____,{phone} _____, helped {name} _____, who is the petitioner, fill out this form.