**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 14-cv-22017-KMM

DOUGLAS T. EDWARDS; and MOBILE,
WORLD VIEW TECHNOLOGIES,
INNOVATIONS, COMMUNICATIONS,
INC.,

       Plaintiffs,

v.

HARSHAW RESEARCH, INC.; and
APPLE COMPUTER, INC.,

       Defendants.

_____/

**APPLE INC.'S MOTION TO DISMISS THE COMPLAINT AND**
**ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

Defendant, Apple Inc. ("Apple"),[1] through its undersigned counsel and pursuant to

Federal Rule of Civil Procedure 12(b)(6), moves the Court for an order dismissing the Complaint

(DE1-1)[2] for failure to state a claim upon which relief can be granted. Alternatively, if the

motion to dismiss is denied, Apple requests that the Court enter an order requiring a more

definite statement pursuant to Federal Rule 12(e). As set forth below, all the claims against

Apple (which according to the Complaint accrued in 2009) are barred by the applicable statutes

of limitations and the claims should be dismissed *with prejudice*. Alternatively, if the claims are

not dismissed, the Complaint, as pled, is so confusing that Apple has to guess what claims

_____

[1] Plaintiffs misidentified the Defendant as "Apple Computer, Inc." in the Complaint. The correct
name of the Defendant is "Apple Inc."

[2] References to the Complaint and exhibits to the Complaint will be made by the docket entry
number. Specific page references will refer to the page number assigned to the document by
CM/ECF and shown at the top of each page.

Plaintiffs are attempting to bring (and what parties are suing Apple) and, as a result, Plaintiffs should be ordered to plead a more definite statement.

## I. ALLEGATIONS IN THE COMPLAINT

The *pro se* Plaintiffs, Douglas T. Edwards ("Edwards"), and Mobile World View Technologies, Innovations, Communications, Inc. ("MWVT"), filed this action in Miami-Dade County Circuit Court on January 29, 2014.  Apple, with the consent and joinder of co-Defendant, Harshaw Research, Inc. ("Harshaw"), removed this matter to this Court on June 1, 2014.

As an initial matter, the style of the Complaint identifies both Edwards and MWVT[3] as Plaintiffs, however, the introductory sentence of the Complaint only identifies Edwards as the "plaintiff."[4] The continued inconsistent use of the terms "plaintiff" and "plaintiffs" throughout the Complaint perpetuates this confusion.  Second, the "jurisdiction and venue" section of the Complaint states that "Plaintiff resides at: Florida State Prison, 7819 N.W. 228th St., Raiford, Florida 32036," referring to Edwards, but does not contain any statement of jurisdiction or otherwise mention MWVT (DE1-1, ¶2).  Third, the Complaint is only signed by Edwards in his individual capacity; there is no signature on behalf of MWVT (DE1-1, p9).  Finally, later filings of exhibits to the Complaint (DE1-2) are confusingly styled as follows: "Douglas T. Edwards, et al., Plaintiff."  Exhibit "A" to the Complaint is "[e]xcerpts of Articles of Incorporation for [MWVT]." (DE1-2, pp3-11).  Apple is confused as to whether MWVT is even a Plaintiff in this

---

[3] MWVT is a Florida corporation formed in 2008 and administratively dissolved in 2010 for failure to file an annual report.  This information is readily available on the website for the Florida Department of State, Division of Corporations (www.sunbiz.org).  Edwards is listed as an officer and director of MWVT on the Division of Corporations website.

[4] The introductory sentence of the Complaint states "Plaintiff, Douglas T. Edwards, hereby files this complaint against the Defendants. . . and alleges as follows:" (DE1-1, p1).  It does not mention MWVT.

action; nonetheless, for the purpose of this motion, Apple will assume that the Plaintiffs are *both Edwards and MWVT*.[5]

In their Complaint, Plaintiffs claim that they entered into a contract for professional services and a confidentiality agreement with Harshaw in July 2008 (DE1-1, ¶10), whereby Harshaw would file patent applications for mobile phone technology allegedly invented by Plaintiffs (the "Technology").[6]   Plaintiffs claim they paid Harshaw $99,000 for product development and patent services in 2008 in a series of cash payments just under $10,000 (*Id.* ¶¶13-17).  Plaintiffs claim that on January 7, 2009, Harshaw inadvertently sent them a copy of an email in which Harshaw allegedly sent the confidential Technology to Apple (*Id.* ¶21).  At that time, Plaintiffs allege that they terminated their contract with Harshaw claiming that Harshaw breached its contractual and fiduciary duties, among other things, by providing the Technology to Apple (*Id.* ¶22).  Paragraph 22 of the Complaint states, as relating to the January 7, 2009 email, as follows:

> 22.  **Defendant Harshaw's employment was terminated by Plaintiffs on January 7, 2009, when Plaintiffs checked their email and discovered the offending email** from Defendant Harshaw to Defendant Apple Computer.
>
> This occurrence relating to the assignment of duties undertaken by Defendant Harshaw **represents a breach of contract, and breach of fiduciary relationship to plaintiffs and violates Defendants' professional standards and written contract agreements**.  Several messages were given [sic] to Defendant by phone for termination of contract by Plaintiffs.

(*Id.*) (emphasis added).  While the "offending email" is not attached as an exhibit to the Complaint, this allegation relating to Plaintiffs' discovery of the email on or before January 7,

---

[5] The Complaint is also signed by Edwards and dated "April 25, 2011" and his signature was purportedly notarized on that same date (DE1-1, pp9-10), but the pleading was not filed with the Circuit Court and the action instituted until January 29, 2014.

[6] This is more specifically described as "video conferencing and touchscreen technology" or "SUPACELL," which Plaintiffs claim was used in the IPhone 4 (DE1-1, p7).

2009 is significant.  By the plain allegations in the Complaint, Plaintiffs filed this action more than five years after allegedly receiving the offending email.  As a result of receiving this email, Plaintiff allegedly terminated Harshaw and began sending cease and desist letters to Apple.

Defendants allege they sent two cease and desist letters to Steve Jobs at Apple on August 4, 2010 and March 24, 2011, claiming the iPhone 4 was currently using the Technology (*Id.* ¶¶24-25).  As to Apple, Plaintiffs state:

> 24.  Plaintiffs learned that Defendant Apple Computer had used its unlawfully obtained trade secrets & technology for SUPACELL.  On August 4, 2010, Plaintiffs sent a cease and desist letter to Defendant Apple Computer asking that it stop the use of Plaintiffs' video conferencing technology on its IPhone 4 cellphone.  A copy of the cease and desist letter, marked as Exhibit J,[7] is attached and made a part of this pleading.
>
> 25.  On March 24, 2011, Plaintiff sent Defendant Apple Computer another cease and desist letter to stop using its trade secret and corporate technology from SUPCELL.  Defendant Apple Computer did not respond to the cease and desist letter and continued its usage of plaintiff's trade secret and corporate technology.  A copy of the cease and desist letter, marked as Exhibit K,[8] is attached and made a part of this pleading.

(*Id.* ¶¶ 24-25).

While there are no separate "counts" in the Complaint, the Complaint alleges that Apple "knowingly committed corporate espionage" (*Id.* ¶34) and "violated common law, and both federal and state statutes regulating trade secrets when it knowingly received the stolen and misappropriated trade secrets and technology. . . ." (*Id.* ¶35).  Plaintiffs use the terms "theft and conversion" when referring to Apple (*Id.* ¶37).  While the Complaint does not cite any specific statutes, it does refer to the Uniform Trade Secrets Act (which has been codified in the Florida Statutes) and the federal Economic Espionage Act.  As alleged damages, Plaintiffs seek $400

---

[7] *See* DE1-2, p45.

[8] *See* DE1-2, p47.

4

million in actual damages, $100 million in punitive damages, and $500,000 in "nominal damages" against Apple (*Id.* pp8-9).

In sum, based on the terminology used in the Complaint, Apple must assume that Plaintiffs are trying to plead the following causes of action against Apple: (1) violation of the Florida Uniform Trade Secrets Act, §688.001, Fla. Stat. *et seq.* ("FTSA"); (2) violation of the federal Economic Espionage Act of 1996, 18 U.S.C. §1831-1839;[9] (3) civil theft; and (4) conversion.

## II.  ALL PLAINTIFFS' CLAIMS AGAINST APPLE SHOULD BE DISMISSED WITH PREJUDICE

### A.    The Motion to Dismiss Standard

In resolving a motion to dismiss, the Court must accept as true only those well-pleaded factual allegations that support a facially plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The *Iqbal* Court held that, under Rule 8, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Thus, a complaint is properly dismissed where a plaintiff (i) merely alleges elements of a cause of action with no well pled facts and/or (ii) fails to plead facts sufficient to establish a "plausible" claim – not simply a conceivable claim.  *Twombly,* 550 U.S. at 557.  In *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327 (11th Cir. 2010), the Eleventh Circuit, discussing the Supreme Court's pleading requirements established in *Twombly* and *Iqbal*, held that:

---

[9] This is a federal criminal statute.

> Plausibility is the key, as the well-pled allegations must nudge the claim across the line from conceivable to plausible. And to nudge the claim across the line, the complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

626 F.3d at 1333 (internal citations and quotation marks omitted).

### B.     Any FTSA Claim is Time-Barred

If the Court finds that Plaintiffs have brought a claim against Apple under the FTSA, that claim must be dismissed with prejudice because this action was brought after the 3-year limitations period expired. *See* §688.007, Fla. Stat. (2013) ("An action for misappropriation must be brought within 3 years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered").[10]

The Complaint alleges at paragraphs 21-22 that Plaintiffs learned in an "offending email" inadvertently sent to Edwards on **January 7, 2009** that co-defendant Harshaw had allegedly given Plaintiffs' proprietary information to Apple. Edwards specifically references that email in three exhibits attached to the Complaint:

(i)     Edwards' August 25, 2009 letter to Harshaw (Exh. H) (DE1-2, p41);

(ii)    Edwards' first cease and desist letter to Apple (Exh. J) (DE1-2, p45); and

(iii)   Edwards' second cease and desist letter to Apple (Exh. K) (DE1-2, p47).

Edward's discovery of this "offending email" triggered the limitations period, meaning that the latest Plaintiffs could file this action would be **January 7, 2012**. They were over two years late

---

[10] "[T]he Florida courts have also made it abundantly clear that any affirmative defense. . . may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Reisman v. Gen. Motors Corp.,* 845 F.2d 289, 291 (11th Cir. 1988) (internal quotation marks and citation omitted).

(this lawsuit was filed on January 29, 2014 -- two years and 22 days after the limitations period expired).

The applicable standard is whether Plaintiffs "knew or by the exercise of reasonable diligence should have known, of [Apple's] alleged trade secret misappropriation" at the time of the January 7, 2009 email.  *Knights Armament Co. v. Optical Sys. Tech., Inc.,* 654 F.3d 1179, 1185 (11th Cir. 2011).  Even assuming for the sake of argument that the January 7, 2009 "offending email" did not trigger the statute, which it did, Plaintiff's ' original August 4, 2010 cease and desist letter to Apple would most definitely constitute a trigger.  Even under that stretched scenario, the statute of limitations period would have expired on August 4, 2013 - making the complaint five months and 25 days late.

### C.      Any Civil Theft and/or Conversion Claims Are Time Barred

Similarly, if the Court finds that the Complaint pleads claims for civil theft and/or conversion against Apple[11] (which is only assumed due to the confusing way the Complaint is drafted), those claims are time barred.  Civil theft claims must be brought within five years of the accrual of the cause of action.  *See* §812.035(10), Fla. Stat. (2013).[12]  If the cause of action accrued on January 9, 2009, the limitations period expired 20 days before this action was filed on January 29, 2014.  Conversion claims must be brought within four years (*see* §95.11(3)(p), Fla. Stat. (2013)), so that claim is time barred as well.

---

[11] As discussed *infra*, those claims are also subject to dismissal under the preemption of the FTSA.

[12] In addition to this claim being time barred, there is no allegation in the Complaint that a statutory civil theft demand letter was sent to Apple, nor is any such written demand attached to the Complaint.  This provides an independent basis for dismissal.  *See* §772.11(1), Fla. Stat. (2013) ("Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section").

### D.      Any Civil Theft and/or Conversion Claims are Preempted by the FTSA

If the Court finds that Plaintiffs pled claims for conversion and/or civil theft against
Apple but does not dismiss them on statute of limitations grounds, they should be dismissed
because the claims are preempted by the FTSA, which provides the sole remedy for
misappropriation of trade secrets.  *See* §688.008, Fla. Stat. (2013); *Alphamed Pharm. Corp. v.
Arriva Pharm., Inc.,* 391 F. Supp.2d 1148, 1167 (S.D. Fla. 2005) ("The UTSA [FTSA] preempts
all claims based on misappropriation of trade secrets"); *Coulter Corp. v. Leinert*, 669 F.Supp.
732, 734 (E.D. Mo. 1994) (applying Florida law, the court held that "the plain language clearly
precludes common law claims based on a theory of misappropriation of trade secrets.  Thus, the
issue becomes whether allegations of trade secret misappropriation alone comprise the
underlying wrong; if so, the cause of action is barred by §688.008 [Fla. Stat.]").  This provides
an additional basis for dismissal of these tort claims *with prejudice*.

### E.      There is No Private Right of Action Under the
### Federal Economic Espionage Act of 1996

To the extent the Court construes Plaintiffs' allegations as bringing a claim under the
federal Economic Espionage Act of 1996, 18 U.S.C. §1831 *et seq.* ("the "EEA"), this claim
should also be dismissed with prejudice.  Plaintiffs allege at Paragraph 34 of the Complaint that
Apple "knowingly committed corporate espionage when it conspired with Defendant Harshaw to
obtain and use the trade secrets and corporate technology of Plaintiff's SUPACELL cellphone."
(DE1-1, ¶34).  To the extent that the Court finds that Plaintiffs are trying to plead a claim against
Apple under the EEA, that is a criminal statute providing for prison sentences and fines, and
private persons have no standing to bring a private action under the EEA.

In *Boyd v. University of Ill.,* No. 96-Civ.-9327, 1999 WL 782492 (S.D.N.Y Sept. 30,
1999), the district court held that Title I of the Economic Espionage Act of 1996 is a criminal

statute that affords no standing to a private citizen.  *Id.* at *4.  Therefore, to the extent that the plaintiff's claim relied on the Act, the claim was summarily dismissed.  *Id.*  Other courts have similarly held that a private citizen has no right to bring an action for trade secret misappropriation under the EEA.  *See Cooper Square Realty, Inc. v. Jensen,* No. 04-Civ-01011, 2005 WL 53284, at *1 (S.D.N.Y. Jan. 10, 2005) ("The EEA does not create a private cause of action and *ipso facto* cannot support federal subject matter jurisdiction"); *Pisani v. Van Iderstine,* No. CA07-187S, 2007 WL 2319844, at *3 (D.R.I. July 23, 2007) ("Several courts have noted that a private citizen has no federal cause of action for trade secret misappropriation under the Economic Espionage Act") (citations omitted); *Brown v. CitiCorp.*, No. 97-CV-6337, 1998 WL 341610, at *3 (N.D. Ill. June 22, 2998) (the EEA allows civil actions to be brought, but only by the Attorney General).

Accordingly, any claim purportedly brought under the EEA against Apple is not permitted as a matter of law and should be dismissed *with prejudice*.

### III.  MWVT CANNOT REPRESENT ITSELF AND SHOULD BE STRICKEN OR DISMISSED AS A PARTY PLAINTIFF

As explained *supra*, the Complaint and Plaintiffs' subsequent filings are confusing as to whether MWVT is even a party plaintiff in this action.  If this Court finds that it is a party plaintiff, as a corporation MWVT cannot represent itself, it must have counsel, and it should be stricken or dismissed as a party plaintiff.  Federal Rule of Civil Procedure 17(b)(2) states that the capacity of a corporation to sue or be sued shall be determined by the law under which it was organized.  MWVT is a Florida corporation.  *See* n.3, *supra*.  Under Florida law, "[a] corporation may not represent itself through non-lawyer employees, officers, or shareholders. This rule applies even where the non-lawyer purporting to represent the corporation is the sole shareholder of the corporation."  *Richter v. Higdon Homes, Inc.*, 544 So. 2d 300, 300 (Fla. 1st DCA 1989)

(citations omitted).  *See also Szteinbaum v. Kaes Inversiones y Valores. C.A.,* 476 So. 2d 247, 248 (Fla. 3d DCA 1985) ("It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney"); *Punta Gorda Pines Dev., Inc. v. Slack Excavating. Inc.*, 468 So. 2d 438, 439 (Fla. 2d DCA 1985) (a corporation may only file pleadings through an attorney).

Additionally, the Complaint is not signed on behalf of MWVT as required by Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . .The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention").

With respect to MWVT, either of the reasons provides an independent basis for dismissal of the Complaint.

## IV.  ALTERNATIVELY, THE COURT SHOULD ORDER PLAINTIFFS TO PLEAD A MORE DEFINITE STATEMENT

If the Court does not dismiss the Complaint for the reasons set forth in Sections I and/or II, *supra,* then pursuant to Federal Rule 12(e), Apple requests that the Court order Plaintiffs to provide a more definite statement; specifically, Plaintiffs should: (i) identify whether MWVT is a Plaintiff; and (ii) identify every separate cause of action being asserted against Apple.  While Apple understands that the Court is required to afford a *pro se* Plaintiff great leeway in drafting a Complaint, Apple should not be forced to guess and assume what causes of action Plaintiffs are attempting to bring based on the terms of art used in the Complaint.

This Court articulated the legal standard for a motion for more definite statement under Rule 12(e):

Federal Rule of Civil Procedure 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]. Such a motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail.

*Taste Trackers, Inc. v. UTI Transp. Solutions, Inc.,* No. 13-23377-Civ, 2014 WL 129309, at *2 (S.D. Fla. Jan. 14, 2014) (Cohn, J.).

Here, if Apple's motion to dismiss is denied, Apple does not know the entirety of the claims that are brought against it, so it cannot completely assert affirmative defenses and may be prejudiced if Plaintiffs claim they pled a cause of action that Apple was not able to "guess" from the Complaint and/or which was not addressed in the motion to dismiss. Additionally, as stated above, pleadings filed thus far make it extremely confusing as to whether Edwards is the sole Plaintiff or if MWVT is a co-Plaintiff.

## V. **CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court dismiss the claims in the Complaint brought against Apple *with prejudice*. Alternatively, if the Court determines that MWVT is a plaintiff, it should be stricken as a party plaintiff for failure to have an attorney sign and file the Complaint on its behalf. Finally, as further alternative relief, if the Court does not dismiss all claims against Apple, Plaintiff should be ordered to provide a more definite statement identifying (i) whether MWVT is a plaintiff and (ii) specifically identifying all of the causes of action being brought against Apple.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 3rd, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

[VIA U.S. MAIL]:

Douglas T. Edwards (#102348)
Santa Rosa C.I.
5850 E. Milton Road
Milton, FL 32583-7914

[VIA U.S. MAIL AND E-MAIL]:

Dale J. Ream, Esq.
Harshaw Research, Inc.
210 W. Tecumseh Street
Ottawa, KS 66067
Tel.: (785) 242-9500
Email: dream@reamlawfirm.com

James R. Jarrow, Esq.
Baker Sterchi Cowden & Rice LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
Tel.: (816) 471-2121
Fax: (816) 472-0288
Email: jarrow@bscr-law.com

**s/ Christopher W. Prusaski**

MIADOCS 9315887 1