# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-22017-KMM

**The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE**

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS T. EDWARDS, et al.,
Plaintiffs,

CASE NO.: 14-CV-22017-KMM

v.

HARSHAW RESEARCH, INC.; and
APPLE INC.,
Defendants.

FILED by [signature] D.C.
JUL 14 2014
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

MOTION TO SET HEARING ON PLAINTIFF'S MOTION FOR INJUNCTION AND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Douglas T. Edwards, respectfully files this motion & as grounds would submit:

1. On June 26, 2014, Edwards & Defendant Apple, Inc.'s attorney (Christopher W. Prusaski), held a legal conference pursuant to this Court's, order to settle issues & file a joint scheduling report. (EX. A).

2. A final agreement has not been reached.

3. Edwards has also previously filed for a Temporary Restraining, order & Preliminary Injunction. (EX. B).

4. The case is complex, beyond Edwards' ability to maintain & prosecute, & appointment of counsel is necessary.

5. The case involves numerous witnesses for plaintiff & no doubt for Defendants, & expert witnesses will be required to testify at trial if a reasonable settlement is not reached. (EX. C). See, Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Beard v. Banks, 548 U.S. 521, 534 (2006).

6. The case is complex & not simply a factual dispute to be resolved, by a jury. And Edwards suffers from medically confirmed Black outs, memory loss, migraine Headaches, Loss of vision in his right eye & constant blurred vision in his right eye as the result of the

Strain & overload on his one good eye. Edwards has Also constantly, been experiencing interference with his access to the courts where legal & personal documents came up missing & some never arriving to various forums for litigation as mailed by plaintiff Edwards. Hamilton v. Leavy, 117 F. 3d 742, 749 (3d Cir. 1997); Tucker v. Randall, 948 F. 2d 388, 391-392 (7th Cir. 1991). Edwards has no means to properly & fully investigate the case. witness & documentary Evidence & the credibility of each will be an issue in the case.

7. The motion for Appointment of Counsel must be resolved as soon as practicable. Johnson v. U.S. Dep't of the Treasury, 939 F. 2d 820, 824-25 (9th Cir. 1991); Donald v. Cook County Sheriff's Dept, 95 F. 3d 548, 556 (7th Cir. 1996).

8. Plaintiff's request for TRO & Injunctive relief must also be immediately entertained by this Honorable Court. Rule 56(b), Fed. R. Civ. P. (2014).

9. Plaintiff has presented sufficient cause to require an immediate, hearing on the motion for TRO & Injunctive Relief & the motion for Appointment of Counsel.

Respectfully submitted,
/s/ Douglas T. Edwards #102348
Douglas T. Edwards #102348
Santa Rosa C.I.
5850 E. Milton Rd.
Milton, Florida 32583

CERTIFICATE OF SERVICE

I CERTIFY that a true copy hereof has been furnished by U.S. mail to: Apple Inc., 1 Infinite Loop, Cupertino, CA; Harshaw Research, Inc., 210 W. Tecumseh St., Ottawa, KS 66067; Christopher Prusaski, P.A., 201 S. Biscayne Blvd., Miami, FL 33131; Dale J. Ream, Esq., 210 W. Tecumseh St., Ottawa, KS 66067; James R. Jarrow, Esq., 2400 Pershing Rd., Kansas City, MO 64108; Synethia Cazeau, P.O. Box 530264, Miami, FL 33153, on this 9th day of July, 2014

/s/ Douglas T. Edwards #102348
DOUGLAS T. EDWARDS #102348

# EXHIBIT A

DE

# LEGAL NOTICE

To: Attorney Christopher W. Prusaski
1500 Miami Center
201 S. Biscayne Blvd.
Miami, Florida 33131

Fr: Douglas T. Edwards #102348
Santa Rosa C.I.
5850 E. Milton Rd.
Milton, Florida 32583

Re: Douglas T. Edwards, et al. v. Apple Inc., et al, U.S. District Court, So. District of Florida, Case No. 1:14-CV-22017-KMM

Date: June 9, 2014

Dear Counselor,

Please Be advised that in order to Speak with me By Telephone or meet with me in person you have to contact this Facility (Santa Rosa C.I.) to arrange all legal calls & legal visits. You may phone (850) 983-5800 to make arrangements. I would also ask that you forward to me any copies of faxes & information sent to this facility with regards to such matters, & also give me advance notice of any arranged legal phone calls or legal visits. I Appreciate your understanding in this matter;. My resources & movements are tightly restricted & regulated. Thank You. I received your June 3, 2014, letter with the orders

Always c/o
[signature]
Douglas T. Edwards

cc: Clerk of Court
Synerria Careau - Records Custodian



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Douglas [illegible], et al.,
Plaintiffs.

CASE NO.: 1:14-cv-22017-KMM

vs.

[illegible] Research, Inc. and
Apple Inc.,
Defendants.

PROVIDED TO SANTA ROSA C.I. [illegible] FOR MAILING

PLAINTIFF'S RESPONSE TO COURT'S PRE-TRIAL ORDER

Pursuant to S.D. Fla. L.R. 16.1, Plaintiff respectfully acknowledges receipt of this Court's order issued on June 8, 2014 @ [illegible] [illegible], & hereby submits the following for review by this Court:

1. Plaintiff is an incarcerated pro se plaintiff in this case.

2. Plaintiff is unable to schedule or make legal phones to opposing counsel at any time.

3. Counsel for Defendant Apple, Inc., has contacted plaintiff by mail to notify him of the need to schedule a scheduling conference in this case (Ex. A).

4. Counsel for Defendant Apple Inc., has also provided Plaintiff with any additional paperless orders (Ex. B).

5. Counsel for Defendant Apple Inc., must contact Classification to arrange for a legal phone call for the times & dates which counsel deems necessary for matters relating to this cause.

6. The Rules of the Prison allows for an attorney to arrange legal phones calls & legal visitations by simply calling Santa Rosa C.I. @ phone (850) 983-5800 to schedule all legal calls & legal visits. (Ex. C).

7. This notice serves to inform this Court of the matter as stated above

PROVIDED TO SANTA ROSA C.I. ON [illegible] DTC FOR MAILING

Legal Notice

To: Christopher W. Prusaski, P.A.
201 S. Biscayne Blvd.
Miami, Florida 33131

Fr: Douglas T. Edwards #102348
Santa Rosa C.I.
5850 E. Milton Rd.
Milton, Florida 32583

RE: Douglas T. Edwards v. Harshaw Research; and Apple, Inc.,
Case No. 14-CV-22017-KMM
DATE: June 24, 2014.

Greetings Mr. Prusaski-

I am in receipt of your June 18, 2014, letter in regards to the Legal Call. Allow me to express my gratitude for the local Rules enclosed within your letter. Thanks alot. I agree with you fully as to the Rules regulating, Pre-trial, etc., etc. I can assure that I'm on the Ball. It is without question a Burden I alone must bare. My respect for you & your professionalism can not be defined. Clearly you are a man of principles, & Integrity. That is priceless. I look forward to the first Round of settlement of issues as Required. My cooperation is guaranteed. I have & will continue to extend you every respect. You have my Best Regards no matter what.

Always O/o,

D.T. Edwards
Douglas T. Edwards

CC: Synesia Cazeau - Records custodian (court)

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS T. EDWARDS, et al.,
Plaintiffs,

CASE NO.: 1:14-cv-22017-KMM

v.

APPLE INC., et al.,
Defendants.

EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION

Pursuant to Rule 56, Fed. R. Civ. P., & 688.003, Fla. Stat., Plaintiff, alleges that:

1. On April 25, 2011, & January 29, 2014, Plaintiffs filed a Civil complaint in the 11th Judicial Circuit Court In & For Miami-Dade County, Florida. The action is based, in part, on misappropriation & unauthorized use of Plaintiff's Trade secrets. Plaintiffs filed an Simultaneous motion for Temporary Injunction to enjoin continuing use of Trade secret on April 25, 2011 & January 29, 2014, seeking a Temporary injunction to prohibit Defendant Apple Inc. from continuing its use of Plaintiff's Touchscreen & video conferencing Technology in its Iphone 4 & Iphone 5 as more particularly described in the Complaint. (Ex. 4).

2. Defendant's actions are clear where Defendant Apple Inc. is continuing to use Plaintiff's Technology & trade secrets world wide in its Iphone 4 & Iphone 5. Plaintiffs will suffer more without an injunction being granted.

3. Unless Defendant is enjoined from continuing to use Plaintiffs' Trade secrets, Plaintiffs will continue to suffer irreparable harm in that the value of the used Trade Secrets, the deprivation of Plaintiff's property, & the interference with Plaintiff's ability to use its own Technology & Trade Secrets from Patents, contracts & sales is being

to the Technology & Trade Secrets, are difficult to ascertain as further explained in the complaint. Therefore, Plaintiff's remedy at law for damages is inadequate. Plaintiffs are likely to succeed on the merits.

4. Granting a Temporary Injunction to Plaintiffs is in the public interest because the public has a right to protection of Trade Secret interests & the orderly regulation of Florida Uniform Trade Secrets Act, [illegible] by the State of the Constitution & other laws.

5. Plaintiffs are unable to post security for interim injunctive relief due to being impoverished & seeks a waiver from posting security, or for a order setting a condition bond requirement to be met by Plaintiffs within reason.

WHEREFORE, Plaintiffs move for issuance of a Temporary Injunction restraining Defendant Apple Inc. from continuing to use Plaintiff's Trade Secrets & Technology in its Iphone 4 & Iphone 5 cellphones.

Respectfully submitted,

/s/ Douglas T. Edwards #[illegible]

Douglas T. Edwards #[illegible]
Santa Rosa C.I.
5850 E. Milton Rd.
Milton, Florida 32583

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been furnished by U.S. postage prepaid 1st Class mail to: Apple Inc., 201 S. Biscayne Blvd, Miami, FL 33131; Harrison Research Inc., 210 W. Tecumseh St., Ottawa KS 66067; [illegible] Syed [illegible] Box 530264, Miami FL 33153 on this 22nd day of June 2014.

/s/ Douglas T. Edwards #[illegible]

Douglas T. Edwards #[illegible]

RECEIVED [illegible]
DTE
[illegible]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS F. EDWARDS, et al.,
Plaintiffs, CASE NO.: 1:14-cv-22017-KMM

v.

APPLE INC., et al.,
Defendants.

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

STATEMENT OF THE CASE

This is a civil action brought under 28 U.S.C. S. 1332(a), [illegible], removed to this Court by Defendant Apple Inc. from the 11th Judicial Circuit Court in & for Miami-Dade County, Florida. The plaintiff, seeks a temporary restraining order & a preliminary injunction to prohibit continued use of its Trade secrets & Technology.

STATEMENT OF FACTS

As stated in the declaration submitted with the motion for a Temporary Restraining order & Preliminary Injunction, the Plaintiff is the genuine creator of Touchscreen & Slide to unlock Technology for all phones. (DE 1-2, p. 13-48). On July 15, 200[illegible], Plaintiff disclosed his Top Secret corporate Trade secrets & Technology to Defendant Fletcher Research, Inc. for development & [illegible] applications for [illegible] EL [illegible] Technology. (DE 1-2, p. 13-30). On July 29, 200[illegible], Defendant [illegible] made [illegible] & [illegible] confirmation that Plaintiff's [illegible] Trade secret & Technology [illegible] [illegible] [illegible] & [illegible] [illegible] Apple development. (DE 1-2, p. [illegible]-40). [illegible] [illegible] of [illegible] Edwards made a

[illegible] to Isaac Wiley, Marshaw's Director of Product Development.

As agreed upon during the conference call, Terry Edwards [illegible] to Defendant Marshaw's State & [illegible] a total of $94,[illegible].00 to Defendant Marshaw to develop & patent numerous products belonging to Plaintiff Edwards, Ms. Synthia Cuccaro & Mobile Worldwide Technologies, Inc. On January 7, 2009, Plaintiff discovered an email from Marshaw, directed to Defendant Apple Inc. making unauthorized disclosures of plaintiff's [illegible] cellphone Technology. Following this discovery, Plaintiff sent several phone messages & letters terminating Defendant Marshaw's employment & demanding remittal of payment. (DE 1-2, p. 41-43). Defendant Marshaw ignored all demands.

Plaintiff later discovered that Defendant Apple Inc. had patented his Trade secrets & technology after misappropriating it through Defendant Marshaw & was generating revenue from Plaintiff's Trade secrets technology. On August 4, 2010 & March 24, 2011, Plaintiff sent several Demand & cease & desist letters requesting that Defendant Apple Inc. immediately cease & desist using his Trade secrets & Technology in its iPhone 4 & to compensate Plaintiff for the unauthorized use of his stolen trade secrets & technology. (DE 1-2, pp. 44-57). On April 25, 2011, while at Florida State Prison, Plaintiff filed his civil complaint in the 11th Judicial Circuit Court in & for Miami-Dade County, Florida. Plaintiff had the complaint notarized by [illegible] (DE 1-2, p. [illegible]). As a result, Plaintiff Edwards' complaint was timely filed under the mailbox rule for incarcerated persons. The Plaintiff [illegible] continues to suffer [illegible] & personal injury, economic loss, loss of business, loss of trade secrets & technology & the usage thereof, [illegible] trade secrets. Plaintiff [illegible] dissolution of his technology company [illegible] because he was [illegible] unable to pay [illegible]

[illegible] (Doc. [illegible] p. 3-11).

ARGUMENT - POINT I

THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors [illegible] of this motion.

A. The Plaintiff is [illegible] continue to suffer irreparable injury [illegible] Harm. There exists a substantial threat that Plaintiff will suffer.

The Plaintiff alleges that he has been denied his guaranteed [illegible] his trade secrets. Such conduct by Defendant [illegible] is a clear violation of the Uniform Trade Secret Act of Florida. See. Sec. 688.002(2)(a), (2)(b)1, 2, Sec. 688.003(1), Sec. 688.004(2), Sec. 688.007 Fla. Stat.; see Sec. 688.008(1), Fla. Stat.

As a matter of law, the continuing use of [illegible] of a misappropriated [illegible] Trade Secret constitutes irreparable harm. See [illegible], 745 [illegible] ([illegible]); [illegible] ([illegible]).

This principle has been applied in [illegible] Florida common-law [illegible]. See [illegible] OF [illegible], [illegible] 504 F. Supp. [illegible] (S.D. Fla. [illegible]), [illegible] ([illegible] Cir. [illegible]); [illegible] Keystone [illegible], [illegible], 500 F. Supp. [illegible] (S.D. Fla. [illegible]), [illegible] [illegible] (11th Cir. [illegible]) [illegible]

[illegible] Allen v. Wright, 468 U.S. 737, 751 (1984); U.S. v. State of Alabama, 791 F.2d 1450, 1457 [illegible] (1986), cert. denied, [illegible] (1987); [illegible] Nursing & Services, Inc. v. Bethesda Memorial Hospital, 884 F.2d 1535, 1539 (11th Cir. 1989); [illegible] 42 F.3d [illegible] (5th Cir. 1994); [illegible] v. Texas World [illegible], Inc., 504 U.S. 374, 381 (1992); Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 404 (2d Cir. 2004); Louis Vuitton [illegible] v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006); e.g., [illegible] X Sys. Corp. v. Epic Sys. Corp., 585 F.3d 581, 586 (7th Cir. 2009); § [illegible](3)(a) [illegible]

In addition, the plaintiff is threatened with irreparable harm because of the nature of his injury, misappropriation of stolen Trade Secrets with complete loss of use of Trade Secrets & benefits thereof. If he cannot [illegible] Defendant Apple Inc. he may NEVER recover from the misappropriation & theft of his Trade Secrets of technology. See [illegible] [illegible], Inc., [illegible] 54, 60 ([illegible] DCA 19[illegible]); [illegible] [illegible], Inc., [illegible] So. 2d [illegible], 657 ([illegible] DCA 19[illegible]); [illegible], Inc. v. [illegible], Inc., 458 So. 2d [illegible], [illegible] ([illegible] DCA 19[illegible]).

There is no adequate remedy at law [illegible] [illegible] [illegible] of [illegible] [illegible] Williams [illegible] [illegible] [illegible] 1994); [illegible] v. [illegible] 957, 959 [illegible] 2013)

## B. The Balance of Hardships Favors the Plaintiff

[illegible] all [illegible] will [illegible] [illegible] Plaintiff [illegible] Trade [illegible] [illegible]

So. 2d [illegible] (Fla. 3d DCA 1983).

In this case, the present suffering of the Plaintiff & his potential suffering if he permanently loses access or a semblance of control of his misappropriated Trade Secrets & Technology are enormous.

The "sufferings" the defendants will experience if the court grants the order will consist of taking suitable steps to stop using Plaintiff's Trade Secrets & Technology — something that the Defendant [illegible] each [illegible] & [illegible] obligated to do, for competitors & others protected under the Uniform Trade Secrets Act on a daily basis. The defendants' [illegible] [illegible] amounts to no more than business [illegible]. See, [illegible] [illegible] [illegible], Inc., 970 F.2d 94, 1014 [illegible] [illegible] 1992).

C. The Plaintiff is likely to succeed on the merits.

The Plaintiff has a good likelihood of success on the merits. [illegible] [illegible] [illegible] — "intentionally misappropriating & using Plaintiff's Trade Secrets for financial gain" was specifically singled out by this Court as an example of unconstitutional & unlawful "tort" conduct. Keystone Plastics, Inc. v. C & P Plastics, Inc., 340 F. Supp. 2d [illegible] ([illegible] Fla. 1972). Many other courts have held that willful misappropriation of Trade Secrets & the use thereof is a violation of the Trade Secrets Act.

In this case, there is no dispute of the Plaintiff [illegible] [illegible] [illegible] of [illegible] Technology & [illegible] [illegible] the use [illegible] [illegible], the trade secret was [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] of his [illegible] & [illegible] [illegible] [illegible] agreements, with Plaintiff. Plaintiff has [illegible] [illegible] [illegible] substantiate his case against defendants.

D. The [illegible] [illegible] [illegible] [illegible] the [illegible] [illegible].

In this case, the grant of relief will serve the Public [illegible] because it is always in the public interest for public & private corporations & citizens in the U.S. to obey the laws, especially the constitution. See, Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008); [illegible] v. [illegible], 35 F.3d 1093, 1103 (6th Cir. 1994); [illegible] v. Koller, 45 F. Supp. [illegible] 62 (D. [illegible]); [illegible] v. [illegible], [illegible] F. Supp. 5[illegible], 517 (D. [illegible] 1985); City of Los Angeles v. Lyons, 461 U.S. 95, [illegible] (1983); [illegible] v. [illegible] [illegible] So. 2d [illegible] ([illegible] Dist. 1995); [illegible] v. [illegible] Electronic [illegible] Systems, Inc., [illegible] F. Supp. [illegible] (S.D. Fla. 1982); [illegible] v. [illegible], Inc., [illegible] F. Supp. [illegible] (S.D. Fla. 1982); [illegible] Data Systems v. [illegible], [illegible] So. 2d [illegible] (Fla. 5th DCA 1992); [illegible] to [illegible] Fla. Stat. (Uniform Trade Secrets Act). The public interest is [illegible] with the Florida Uniform Trade Secrets Act where the [illegible] [illegible] of the [illegible] undermines confidence in the [illegible] ability of its [illegible]. The public has a right of protection to its trade secrets & the [illegible] of its [illegible]. The Florida Uniform Trade Secrets Act would serve no purpose & [illegible] [illegible] [illegible]. [illegible] v. [illegible] [illegible], [illegible] F. Supp. [illegible] (S.D. [illegible] [illegible]) [illegible] the Constitution is the [illegible] [illegible] [illegible] public interest". Plaintiff has demonstrated [illegible] [illegible] [illegible], is inseparable from the Public interest.

## [illegible]

### THE [illegible] SHOULD BE [illegible] TO POST [illegible] SECURITY

[illegible] [illegible] who obtains interim injunctive relief [illegible] [illegible] [illegible]. Rule 65(c), Fed. R. Civ. P. [illegible] [illegible] [illegible] [illegible] to post security. The [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]. [illegible] [illegible] [illegible] [illegible]; Bank of State of [illegible] [illegible]

Tahoe Keystone Pumping [illegible], 705 F.2d 1319, 1325-26 (11th Cir. [illegible]); see also, Johnson v. Board of Police Commissioners 351 F.Supp. 2d 929, 952 (E.D. Mo. 2004)(District Court has discretion to waive security, especially when doing so would function to bar poor people from obtaining judicial review & cases cited); [illegible] 175 F. Supp. 2d [illegible], [illegible] (M.D. Fla. [illegible]); [illegible] 412 F. Supp. 112, 140 ([illegible]) (waiving the [illegible] [illegible] should not be required to post security), rev'd on other grounds, [illegible] U.S. [illegible] (1979).

The balance of the equities weighs overwhelmingly in favor of [illegible] in this case. [illegible], [illegible] F.3d [illegible] ([illegible]); [illegible], [illegible] F.3d 1171, 1172 ([illegible] Cir. [illegible]); [illegible] Civ. P.

In [illegible] of the serious [illegible] [illegible] [illegible] the [illegible], the Court should grant the relief requested without requiring the posting of security.

Conclusion

For the foregoing reasons, the Court should grant the motion [illegible].

Respectfully submitted,

/S/ [illegible] 8

[illegible]

[illegible]

[illegible]

[illegible]

This 22 day of [illegible]

RECEIVED BY [illegible] DTE [illegible]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS T. EDWARDS, etal.,
Plaintiffs,

CASE NO.: 1:14-cv-22017-KMM

V.

APPLE INC., et al.,
Defendants.

DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

DOUGLAS T. EDWARDS STATES:

1. I am the plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and a preliminary injunction to ensure that my Trade Secrets & Technology is suspended, in it's current use.

2. As set forth in the Complaint in this case, I invented the Touch Screen & Video Conferencing Technology before Apple Inc. years in advance.

3. I sought to develop this Trade Secret & obtain patents on it by Employing Defendant Warshaw Research, Inc. on or about July 18, 2008.

4. The purpose was to advance this Technology against all Competitors, by & through my Technology Corporation incorporated on July 8, 2008, by the prestigious law firm of Spiegel & Utrera, P.A.

5. My Technology Company (Mobile World Video Technologies, Innovations, Communications, Inc.) was designed to develope the cutting edge technology & impact the economy Globally with it's innovative concepts to be realized through it's former Employee Defendant, Warshaw Research, Inc.

6. On January 7, 2004, Plaintiff Edwards discovered an Email which was mistakingly sent to him which was directed to Defendant Apple Inc. disclosing Plaintiff's Supa Cell Technology Trade Secrets for Touchscreen & video conferencing applications for use in cellphones, which at the time, was not known to the public or Plaintiff's competitors in the Technology field.

7. I am suffering irreparable harm in the form of loss of Technology & Trade Secrets; Patent protection; Economic loss; loss of Business; Corporate dissolution of Corporation; pain, personal injury, suffering; emotional & mental distress & pain, substantial continuity of personal & emotional/mental injury & suffering, and increasing risk that my security will continue to deteriorate never to be restored to its full usefulness.

8. Defendant [illegible] is the Product Evaluation & development Company which Plaintiff entrusted as a confidential employee to obtain a patent on Plaintiff's Trade Secrets & Technology & to develop prototype & production of the Supa Cell cellphone for use & economic gain in the International marketplace. Defendant illegally & without plaintiff's authorization disclosed the Trade Secrets & Technology to Defendant Apple Inc.

9. Defendant Apple Inc. was a competitor of Plaintiff's Technology Company & received the misappropriated Trade Secrets knowing [illegible] the property of Plaintiff provided to Defendant [illegible] in secret & contractual confidence. Defendant Apple Inc. quickly developed Plaintiff's Trade Secrets & Technology & created an iphone & [illegible] [illegible] for Patent protection without Plaintiff's [illegible] property & the [illegible] misappropriation of the Trade Secrets & Technology.

10. [illegible] defendants [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] to generate good [illegible] Plaintiff's Technology & Trade Secrets.

[illegible]

12. For the reasons set forth in the memorandum of law filed with this motion, the plaintiff is entitled to a temporary restraining order requiring the Defendant Apple Inc. to arrange for suspension & a plan to stop running Plaintiff's Touchscreen & video conferencing Trade Secrets & Technology on its iphone 4 & iphone 5, and to a preliminary, injunction requiring Defendant Apple Inc. to carry out that plan of suspension.

13. For the foregoing reasons, the Court should grant the Plaintiff's motion in all respects.

OATH VERIFICATION

STATE OF FLORIDA
COUNTY OF SANTA ROSA

Pursuant to 28 U.S.C. S. 1746, I declare under penalty of perjury that the foregoing is true & correct.

June 22, 2014.

By: [signature] #102348
Douglas T. EDWARDS #102348
Santa Rosa C.I.
5850 E. Milton Rd.
Milton, Florida 32583

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been furnished by 1st First US mail postage prepaid to: Apple Inc., 200 S. Biscayne Blvd, Miami, Fl. 33131; Northland Security Inc., 210 W. Tecumseh St., Ottawa, KS 66067; Spencer Cazeau, P.O. Box 530264, Miami, Fl 33153, on this 22nd day of June, 2014.

/s/ [signature] #102348
Douglas T. EDWARDS #102348

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS R. EDWARDS, et al.,
Plaintiffs,

CASE NO.: 1:14-CV-22017-KMM

vs

APPLE INC., et al.,
Defendants.

ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

This cause having come before the court upon Plaintiffs motion for Temporary Restraining order & Preliminary Injunction, and being fully advised in the premises thereby & upon the supporting declaration of the Plaintiffs and the accompanying memorandum of law it is

ORDERED that Defendant Apple Inc. show cause in Room # ____ of the United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, on the ___ day of ________, 2014, at ________ A.M./P.M., why a preliminary injunction should not issue pursuant to Rule 65 (a), Fed. R. Civ. P., enjoining the said defendants, their successors in office, agents, and employees and all other persons acting in concert and participation with them, to cease usage of the Touch screen of video conferencing Trade secret & technology in the iPhone 4s - iPhone 5.

It is FURTHER ORDERED that, effective immediately, and pending the hearing and determination of this matter, Defendant Apple Inc. shall arrange, for the immediate notification of this matter as a legal notice to the public consistent with such notification requirements.

It is FURTHER ORDERED that this order to show cause, all other papers attached to this application, shall be served on defendants Apple Inc. on

, 2014, and the U.S. Marshalls Service is hereby directed, to effectuate such service.

_______________________
DATE

_______________________
JUDGE K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

CC: United States District Court Clerk
United States Marshals Service
Douglas T. Edwards - Plaintiff
Apple Inc. - Defendant

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS T. EDWARDS, etal., CASE NO.: 14-CV-22017-KMM
Plaintiffs,

V.

WARSHAW RESARCH, INC.; APPLE COMPUTER, INC.,
Defendants.

---

DECLARATION/AFFIDAVIT OF DOUGLAS T. EDWARDS

STATE OF FLORIDA
COUNTY OF SANTA ROSA

I, DOUGLAS T. EDWARDS, take an oath, deposes & state:

1. On January 7, 2009, I discovered an Email addressed to Apple, Inc. from Warshaw Research, Inc. disclosing the SUPACELL Cellphone Trade Secrets to Apple, Inc. & included the exact hand written description of the Trade Secrets proposed operational Technology & the drawing of Both SUPACELL & N-TOUCH concept Products. The Email stated that the forwarded material was being provided as previously discussed by Telephone between these Defendants.

2. At no time was this disclosure authorized by myself, ms. Cazeau, or Mobile World View Tech, our Technology company.

3. Shortly after I allowed numerous witnesses to Read the copy of the offending Email which includes but is not limited to:

a. Synesia K. Cazeau,
b. Lucille Roberts,
c. Nicole Harden
d. Freddie Roberts JR.

e. Deddrick Roberts,
f. Ceddrick Roberts,
g. Crystal R. Young,
h. Samuel Dawson,
i. Reginal J. Hope,
j. Jose Batista, P.A.,
k. Gordon C. Murray, P.A.,
l. Derrick Young,
m. Officer Elizabeth Lowe,
n. Officer Williams,
o. Officer Washington,
p. Sgt. Kyle Knight,
q. Officer Merriwheather,
r. Officer Jay E. Culpepper,
s. Sandra Brown,
t. Vedrick Symonette,
u. Antoine Harper,
v. Mary Harper,
w. Office Fisher,
x. Officer Jackson
y. Sabrina Puglisi, P.A.
z. Natalia Utrera, P.A.

4. Plaintiff Edwards made every reasonable effort to resolve this matter through letters of Demand & cease & desist letters

Prior to bringing this pending action.
5. It is also believed that the N-Touch Technology Trade Secrets are being used in Apple, Inc.'s Ipad product.
6. Plaintiff Edwards, Synergta Cazeau & mobile world view Technologies, Inc., are the original creators of the Technology now piloting the Iphone 4 & 5 for Touchscreen & video conferencing, advances. Up until the Trade secrets were misappropriated, the Trade secrets were highly classified & virtually unknown or thought of By Defendant Apple, Inc. & all of it's Research & Development Teams.

OATH VERIFICATION

Pursuant to 28 U.S.C. S. 1746, I declare under penalty of perjury that the foregoing is true & correct.

DATE: June 17, 2014.

By: Douglas T. Edwards #102348
Douglas T. Edwards #102348
Santa Rosa C.I.
5850 E. Milton Rd.
Milton, Florida 32583

CERTIFICATE OF SERVICE

I DECLARE that this document was furnished by first class mail postage pre-paid to: Apple, Inc.; 201 S. B[illegible]e Blvd., Miami, FL [illegible]; Harshaw Research, Inc.; 210 W. Tecumseh [illegible] Plaza, U.S. C[illegible] of Court, 400 N. Miami Ave., Miami, FL 33128; 5302604, Miami, FL 33153, on this 17th day of June [illegible]